UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUCANA WINDOWS & DOORS LTD.,

       Plaintiff,

-vs-

SUNRISE WINDOWS LTD., L.L.C.,

       Defendant,

No. 09-12885
District Judge Victoria A. Roberts
Magistrate Judge R. Steven Whalen

and

SUNRISE WINDOWS LTD., L.L.C.,

       Counter-Plaintiff,

v.

DUCANA WINDOWS & DOORS LTD.,

       Counter-Defendant,

and

MATTHEW MARKO and MICHAEL MAZUR,

       Additional Counter-Claim Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court are (1) Counter-Plaintiff Sunrise Windows, Ltd.'s ("Sunrise") Motion Seeking Turnover of Property [Doc. #126], and (2) Counter-Defendant Matthew Marko's ("Marko") objection to garnishment [Doc. #116]. As both are post-judgment matters, they have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Sunrise's Motion Seeking Turnover of Property [Doc. #126] be GRANTED, and that Marko's objection to garnishment [Doc. #116] be DENIED.

-1-

## BACKGROUND

This litigation involved a contractual dispute between Sunrise Windows and Ducana Windows & Doors. Matthew Marko and Michael Mazur were Ducana's principals. On January 30, 2012, pursuant to a settlement agreement, a consent judgment was entered against Marko and Mazur, jointly and severally, in the amount of $250,000.00.  The outstanding balance owing on the consent judgment is approximately $130,000.00.

On February 22, 2012, Sunrise requested and obtained an order directing the United States Marshal to seize Matthew Marko's property [Doc. #53 ]. On the same date, the Court ordered Marko to appear at a creditor's exam, and enjoined him from transferring or disposing of any property [Doc. #56]. At a subsequent creditor's exam held on March 5, 2012, Marko testified that he owned a pontoon boat, and that he stored it at both the Cass Lake Dry Dock Marina and at his house.  On March 14, 2012, Marko filed a *pro se* motion for stay of execution on his property, arguing that all of his personal property (presumably including the pontoon boat) was subject to a security agreement with his father's trust, which he claimed had loaned him $500,000.00.

On March 15, 2012, Judge Cohn held a hearing on Marko's motion to stay the writ of execution. (*See* Doc. #132, transcript of motion hearing). Judge Cohn rejected Marko's argument that his property should not be seized because another secured creditor had superior rights:

> MR. MARKO: Your Honor, I think that the tactics that have been used against me have been more for intimidation and harassment.  There is a secured creditor who has security over all of my assets.  It is my fiduciary responsibility to protect that collateral for them, but yet Sunrise Windows is trying to breach that and come after my assets.  In the agreement, the settlement agreement, sir, Sunrise opted not to be secured with my personal assets but rather with the assets of Ducana Windows in Canada.

-2-

THE COURT: No, that's not true. That is not true.  When you signed–when you allowed that judgment to be entered against you personally, all of your assets except those exempt by law are available to the creditor.  I'm taking this time out to explain this to you....Everything you own except those that are exempt by law, and if you think it's harassment, the way you stop the harassment is you make efforts to settle with them. (Tr. 5-6)

MR. MARKO: Well, Your Honor, I just felt that the–being that it is my fiduciary duty to protect the collateral of a secured creditor and that the–

THE COURT: No, it's not.  It's the secured creditor's duty to protect the secured creditor's collateral.

MR. MARKO: I have produced for you, Your Honor, the agreement that I signed, the security agreement.

THE COURT: I'm not going to look at it.  It would be idle for me to look at it.  (Tr. 7).

On March 15, 2012, Judge Cohn entered a written order denying Marko's motion to stay writ of execution [Doc. #104].

Sunrise also obtained a writ of garnishment on Marko's accounts at TD Ameritrade [Doc. #114], to which Marko has objected.

## <u>MOTION TO TURN OVER PROPERTY [Doc. #126]</u>

Marko objects to turning over his boat (or for that matter, any of his personal property) because an alleged secured creditor has an interest superior to that of judgment creditor Sunrise. This same issue was briefed, argued and decided against Marko by Judge Cohn in Marko's motion to stay writ of execution.[1] Judge Cohn's order is therefore law of the case, and binding in the present motion. Pursuant to the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103

---

[1] Sunrise also points out that on its face, Marko's security agreement with his father's trust does not extend to watercraft or bank accounts.

S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)).

I therefore recommend that Sunrise's Motion Seeking Turnover of Property be GRANTED.  If Marko has disposed of the pontoon boat since the time of Judge Cohn's February 22, 2012 order enjoining him from doing so, I recommend that he be ordered to appear before the Honorable Victoria A. Roberts to show cause why he should not be held in contempt of court.

## OBJECTION TO GARNISHMENT [Doc. #116]

The garnishee disclosure from Ameritrade showed two accounts, an individual account (not an IRA or retirement account) with a value of $4,877.04, and an IRA with a value of $27,476.80.  Marko argues that the garnishment of his accounts at TD Ameritrade  "is a violation of MCL 600.6023(1)(k) which protects retirement accounts, as well as infringement of the collateral of a secured creditor."

Marko's claim that these assets are exempt from execution because they are allegedly subject to a security agreement with his father's trust must be rejected for the reasons discussed in the preceding section.

The Michigan statute that Marko cites describes certain property of a debtor that is exempt from levy and sale under any execution. Section (1)(k) sets forth the following State exemption:

> (k) An individual retirement account or individual retirement annuity as defined in section 408 or 408a of the internal revenue code of 1986 and the payments or distributions from such an account or annuity.

-4-

The individual account with a value of $4,877.04 is not an IRA or retirement annuity, so the statute does not even arguably apply. Marko has not claimed any other valid exemptions. Therefore, Sunrise is entitled to garnish the individual account.

The other Ameritrade account, with a value of $27,476.80, is an IRA account. Marko testified at his creditor's exam that this is a Simplified Employee Pension ("SEP") IRA. *Marko's Deposition*, 53-54, Doc. #18, Exhibit 3. In *Lampkins v. Golden*, 28 Fed.Appx. 409, 2002 WL 74449 (6th Cir. 2002)(unpublished), the Sixth Circuit affirmed the district court's holding that with regard to a SEP-IRA, § (1)(k) was preempted by the Employee Retirement Income Security Act (ERISA). *Lampkins* summarized the district court's decision as follows:

> "In finding that this provision applied, the court relied upon *Mackey v. Lanier Collection Agency & Serv.,* 486 U.S. 825, 829, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), wherein the Supreme Court explained that '[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a *415 plan.' The district then opined that because Mich. Comp. Laws Ann. § 600.6023(1) exempts all § 408 individual retirement pension plans from garnishment, while ERISA would allow garnishment of those funds, the Michigan statute clearly 'relates to' or has a 'connection with' the subject ERISA plan. The district court concluded that, as a result, the Michigan statute was preempted." *Id.*, 414-415.

Citing *Dist. of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 130-31, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992), and *Kentucky Ass'n of Health Plans, Inc. v. Nichols,* 227 F.3d 352, 358 (6th Cir.2000), *Lampkins* ultimately held that "the Michigan statute upon which Defendant relies is preempted under federal law, such that the RHG SEP is subject to garnishment." *Id.*, 415.

Moreover, Marko's SEP-IRA at Ameritrade is not protected by 29 U.S.C. § 1056(d)(1), the anti-alienation provision of ERISA.  29 U.S.C. § 1051(6) provides the following exception to the anti-alienation provision:

"(6) an individual retirement account or annuity described in section 408 of Title 26, or a retirement bond described in section 409 of Title 26 ...."

In *Lampkins*, the Sixth Circuit held that a SEP-IRA falls under 26 U.S.C. § 408, and therefore is not subject to ERISA's anti-alienation provision:

"Section 408 of Title 26, the Internal Revenue Code, entitled Individual Retirement Accounts, encompasses Defendant's retirement plan. Specifically, § 408(k) defines and lists the requirements of a 'simplified employee pension' or SEP. *See* 26 U.S.C. § 408(k). Therefore, because Defendant's RHG SEP is one described in section 408 of Title 26, it follows that Defendant's SEP is not exempted by ERISA's anti-alienation provision. *See* 29 § U.S.C 1051(6)." *Id.*, 412.

In summary, Marko's SEP account at Ameritrade is not protected by MCL 600.6023(1)(k), because Michigan law as to this type of account is preempted by ERISA. In addition, by virtue of 29 U.S.C. § 1051(6), the SEP account is not subject to the anti-alienation provision of ERISA.

Because Marko has not claimed any other valid exemptions, his objections to the garnishment of his TD Ameritrade accounts must be denied.

## CONCLUSION

For these reasons, I recommend as follows:

(1) That Sunrise's Motion Seeking Turnover of Property [Doc. #126] be GRANTED, and that Marko be ordered to turn over the subject pontoon boat forthwith.

(2) That if Marko has disposed of the pontoon boat in violation of Judge Cohn's order of February 22, 2012 order enjoining him from doing so, he be ordered to appear before the Honorable Victoria A. Roberts to show cause why he should not be held in contempt of court.

(3) That Marko's Objection to Garnishment [Doc. #116] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

-6-

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2012

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on December 17, 2012.

s/Eddrey Butts
Case Manager

-8-