UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUCANA WINDOWS & DOORS, LTD,

    Plaintiff,

vs                                                                      Case No: 09-12885
                                                                  Honorable Victoria A. Roberts

SUNRISE WINDOWS, LTD., LLC,

    Defendant,

and

SUNRISE WINDOWS, LTD.,

    Counter Plaintiff,

vs

DUCANA WINDOWS & DOORS, LTD,

    Counter Defendant,

and

MATTHEW MARKO, AND MICHAEL MAZUR, JOINTLY AND SEVERALLY,

    Additional Counterclaim Defendants.,

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.**    **INTRODUCTION**

    Before the Court are (1) Counter-Plaintiff Sunrise Window, Ltd.'s ("Sunrise")

Motion Seeking Turnover of Property and (2) Counter-Defendant Matthew Marko's

1

("Marko") Objection to Garnishment. These motions were referred to Magistrate Judge Whalen under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Whalen recommended that the Court grant Sunrise's Motion Seeking Turnover of Property and deny Marko's Objection to Garnishment. The Court agrees with Magistrate Judge Whalen's reasoning on Sunrise's motion. However, the Magistrate Judge erred in finding that Marko has an SEP IRA that is subject to garnishment.

Therefore, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. The Court: (1) **GRANTS** Sunrise's Motion Seeking Turnover of Property, (2) **DENIES** Marko's Objection to Garnishment related to the account ending in 6615, and (3) **GRANTS** Marko's Objection to Garnishment related to the account ending in 8622.

## II.   BACKGROUND AND PROCEDURAL HISTORY

The motions before the Court arise out of a contractual dispute between Sunrise and Ducana. Marko and Michael Mazur are Ducana's principal agents. The case was initially assigned to Judge Cohn. Under a settlement agreement, the Court entered judgment against Marko and Mazur, jointly and severally, in the amount of $250,000; approximately $130,000 is still owed. Sunrise submitted several writs of garnishment to the Court targeting various sources of Marko and Mazur's assets.

On February 22, 2012 the Court told Marko to appear at a creditor's examination and ordered that he not transfer or dispose of any property. At the examination, Marko testified that he owned a pontoon boat and described its location. He also identified

funds in the form of investment accounts held at TD Ameritrade.

On March 14, 2012 Marko filed a *pro se* Motion to Stay Execution on his property. Marko reasoned that all of his property (including the pontoon) was subject to a security agreement with his father's trust, which he claimed loaned him $500,000. The Court summarily rejected Marko's arguments, including that his father's trust barred execution of his property, and denied his Motion to Stay Execution. Sunrise now seeks turnover of Marko's pontoon boat because Marko removed the boat from its last known location. Sunrise also obtained a writ of garnishment for Marko's accounts at TD Ameritrade to which Marko filed a formal objection.

The case was subsequently reassigned to Judge Roberts. Both motions were referred to Magistrate Judge Whalen, who issued a Report and Recommendation which the Court now considers. The Magistrate Judge reviewed the facts and reasoned that: (1) the Motion to Turnover Property should be granted because Judge Cohn had already rejected Marko's argument on this issue, and (2) the Objection to Garnishment should be rejected because one of Marko's TD Ameritrade accounts was not an exempted IRA under M.C.L. 600.6023(1)(k), and because the other account was a Simplified Employee Pension ("SEP") IRA, which can be garnished under Michigan law.

### III.   Standard of Review

The Court reviews *de novo* any part of the Magistrate Judge's Report and Recommendation on a post-trial motion that is properly objected to. 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended

3

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. Pro. 72(b)(3).

## IV. ANALYSIS

### A. Motion to Turnover Property

Marko argues that the court cannot compel him to turn over his pontoon boat because a secured creditor (his father's living trust) has a superior interest in the value of the boat. The issues Marko raises in this motion were already directed to Judge Cohn and rejected by him. As Magistrate Judge Whalen points out, according to the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Scott v. Churchill*, 377 F.3d 565 569-70 (6thCir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Although Marko argues that Judge Cohn did not decide any issue of creditor priority, Magistrate Judge Whalen was bound to avoid relitigation by rejecting this argument. The Court finds Magistrate Judge Whalen's "law of the case" determination persuasive.

Furthermore, as Sunrise and Magistrate Judge Whalen point out, the language of Marko's secured creditor agreement did not actually apply to his pontoon. Magistrate Judge Whalen confirmed that a junior creditor can sell assets which are covered by a security agreement as long as it accounts to the senior creditor for any funds obtained from the sales.

For these reasons, the Court **ADOPTS IN PART** Magistrate Judge Whalen's Recommendation and **GRANTS** Sunrise's Motion Seeking Turnover of Property. Because Marko was ordered to not dispose of his boat, and because he notes that he has transferred the boat to his father's trust, he must appear before the Court to show cause why he should not be held in contempt for violating the Court's instruction to not dispose of property.

### B. Objection to Garnishment

"M.C.L. 600.6023(1)(k) protects retirement accounts. It contains a list of property that cannot be garnished. Section (1)(j) (formerly cited properly as (1)(k), prior to Jan. 2, 2013) exempts:

> An individual retirement account or individual retirement annuity as defined in section 408 or 408a of the internal revenue code of 1986 and the payments or distributions from such an account or annuity.

While 26 U.S.C. § 408 exempts IRAs generally, the Sixth Circuit holds that SEP IRAs may be garnished because §408 is preempted by the Employee Retirement Income Security Act (ERISA), which allows for garnishment of SEP IRAs. *See Lampkins v. Golden*, 28 Fed.Appx. 409, 2002 WL 74449 (6th Cir. 2009) (unpublished).

### i. Marko's TD Ameritrade Accounts

Marko's Creditor Examination deposition revealed, and TD Ameritrade's Garnishee Disclosure confirmed, that Marko maintains two investment accounts at TD Ameritrade. The Disclosure from TD Ameritrade identifies two open accounts: (1) an account ending in 6615, titled "Matthew Marko Individual Account" containing

5

$4,877.04; and (2) another account ending in 8622, titled "Matthew P. Marko Individual Retirement Account," containing $27,476.80.

### a. Account Ending in 6615

As Magistrate Judge Whalen points out, the account ending in 6615 "is not an IRA or retirement annuity, so the statute does not even arguably apply." Therefore, the Court **ACCEPTS** the Recommendation pertaining to this account and **DENIES** Marko's Objection to Garnishment related to account 6615.

### b. Account Ending in 8622

At Marko's Examination prior to TD Ameritrade's Garnishee Disclosure, he stated that he had "a SEP IRA" that contained approximately $30,000. However, Marko later noted that he "was mistaken and confused" and corrected that statement, describing his TD Ameritrade accounts as "a traditional IRA and the other [as] a regular investment account." Marko substantiated this assertion by producing a letter from R. Matthew Ingraham, Associate Counsel of TD Ameritrade. His signed letter states that the account ending in 8622 "was opened as, and remains so today, a Traditional Individual Retirement Account."

Accordingly, the Magistrate Judge erred in finding that the account ending in 8622 was a SEP IRA. The evidence, taken as a whole, supports Marko's assertion that his was a traditional IRA rather than a SEP IRA. In describing his reasoning, the Magistrate Judge offers a conclusory statement about the assertions Marko made during the exam, but he failed to take into account Marko's later submitted statement

purporting to correct his previous statement. And, his correction was corroborated by the letter from TD Ameritrade's Associate Counsel. Marko's corroborated, corrected statement proves that account 8622 is not a SEP IRA. This IRA is exempted from garnishment; it is a retirement account covered by M.C.L. 600.6023.

The Court **REJECTS** this part of the Magistrate Judge's the Recommendation and **GRANTS IN PART** Marko's Objection to Garnishment related to account 8622.

## IV. CONCLUSION

On Sunrise's Motion to Turnover Property, the Court cannot allow Marko to relitigate the issue of creditor priority because the "law of the case" doctrine bars consideration of that issue. Moreover, the creditor priority issue loses on the merits because Marko's creditor agreement does not apply to his pontoon boat. On Marko's Objection to Garnishment, Marko's individual account can be garnished; that account is not covered by applicable Michigan law. However, the Magistrate Judge erred in finding that Marco's account ending in 8622 was a SEP IRA.

The Court **ADOPTS IN PART** and **REJECTS IN PART** Magistrate Judge Whalen's Report and Recommendation. The Court: (1) **GRANTS** Sunrise's Motion Seeking Turnover of Property, (2) **DENIES** Marko's Objection to Garnishment of his TD Ameritrade account ending in 6615, and (3) **GRANTS** Marko's Objection to Garnishment of his TD Ameritrade account ending in 8622.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 28, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record, Ducana Windows & Doors Ltd. and Matthew Marko by electronic means or U.S. Mail on June 28, 2013.
>
> S/Carol A. Pinegar
> Deputy Clerk