UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUCANA WINDOWS & DOORS, LTD,

    Plaintiff,

vs

SUNRISE WINDOWS, LTD, LLC,

    Defendant.

and

SUNRISE WINDOWS, LTD.,

    Counter-Plaintiff,

vs

DUNCANA WINDOWS & DOORS, LTD,

    Counter-Defendant.

and

MATTHEW MARKO and MICHAEL MAZUR, JOINTLY AND SEVERALLY,

    Additional Counterclaim Defendants.
_____/

Case No: 09-12885
Honorable Victoria A. Roberts

**ORDER PURSUANT TO JULY 25, 2013, SHOW CAUSE HEARING**

**AND SETTING SHOW CAUSE HEARING ON MAY 14, 2014**

**I.      INTRODUCTION**

This collection matter is before the Court to determine if Defendant, Matthew Marko, should be sanctioned pursuant to this Court's show cause hearing held on July 25, 2013. The show cause hearing and supplemental briefs establish that Matthew Marko failed to comply with Court Orders dated February 22, 2012 and July 1, 2013. The 2012 order enjoined Marko from transferring any property he owned; the 2013 Order required him to make arrangements with the United States marshal to turn over his pontoon boat by July 15, 2013. The parties briefed the issue of possible sanctions. Plaintiffs ask the Court to: A) Order the Harold M. Marko Living Trust in this case as a party defendant; B) Order Harold Marko to appear for examination; C) order Matthew Marko to pay a civil contempt fine of $15,399.00; D) Order Matthew Marko to appear for a creditor's examination; and E) Order the sale of Matthew Marko's personal and real property.

For the reasons that follow, the Court:

A) **GRANTS** Plaintiff's request in part, and Orders Harold Marko as trustee of the Harold M. Marko Living Trust ("Marko Trust") to appear and show cause why it should not be held liable to Plaintiff for the value of the boat. Plaintiff must bear the cost and responsibility of effectuating service on Harold Marko, trustee of the Marko Trust. The Court DENIES Plaintiff's request to add the Marko Trust as a defendant, pending the show cause hearing.

B) **DENIES** Plaintiff's request to order the Marko Trust to appear for an examination, pending the show cause hearing.

C) **DENIES** Plaintiff's request to fine Defendant for civil contempt.

D) **GRANTS** Plaintiff's request to compel Matthew Marko to appear for examination.

E) **GRANTS** Plaintiff's request that Defendant's personal property be sold, followed by a sale of Defendant's real property, if judgment remains outstanding.

## II.   BACKGROUND AND PROCEDURAL HISTORY

This suit arises from a contractual dispute between the parties. Marko and Michael Mazur are Ducana's principal agents. The case was initially assigned to Judge Cohn. The dispute was ultimately resolved after the parties reached a settlement agreement. After Defendants' failure to make payments under the terms of the settlement agreement, the Court entered a consent judgment against Marko and Mazur, jointly and severally, in the amount of $250,000; approximately $130,000 is still owed. Sunrise submitted several writs of garnishment to the Court targeting various sources of Marko and Mazur's assets.

On February 22, 2012 the Court granted Sunrise's motion to compel Marko to appear at a creditor's examination. (Doc. #56).  Judge Cohn also ordered that Marko be restrained and enjoined from transferring or disposing of any property owned by him. *Id*.  At the examination on March 5, 2012, Marko testified that he possessed a pontoon boat that he stored at Cass Lake Dry Dock Marina and at his house "in the canal."  (Doc. #151, Ex. 4).

On March 14, 2012 Marko filed a *pro se* Motion to Stay Execution on his property. Marko reasoned that all of his property (including the boat), was subject to a security agreement with his father's trust, the Marko Trust, which he claimed loaned him $500,000. The Court summarily rejected Marko's arguments – one being that his father's trust barred execution on his property, including the boat.  The Court denied his Motion to Stay Execution.

The case was reassigned to Judge Roberts.  Sunrise filed a motion seeking turn over of the boat, which was referred to Magistrate Judge Whalen. (Doc. #126).     Magistrate Judge Whalen issued a Report and Recommendation on December 12, 2012. (Doc. #135). Judge Roberts

adopted Magistrate Judge Whalen's recommendation to grant Sunrise's Motion Seeking Turnover of the pontoon boat. (Doc. # 144).

On July 1, 2013, the Court ordered Matt Marko to make arrangements with the United States marshal to turn over his pontoon boat by July 15, 2013, or appear in person on Thursday, July 25, 2013, to show cause why he should not be held in contempt for failing to follow the Court's order. (Doc. # 145). The Court's July 1, 2013, order stated "Mr. Marko argues that his father's trust claims the boat as a superior creditor. That argument is rejected in the Court's order granting Sunrise Window's Motion Seeking Turnover of Property." *Id.*

On July 25, 2013, this Court held a show cause hearing. Matt Marko admitted to helping the Marko Trust sell the pontoon boat to a third party on July 18, 2013, after this Court ordered him to turn the boat over by July 15, 2013. (Doc. # 145; 151, Ex. 7 and 8).

Following the July 25, 2013, show cause hearing, the Court ordered the plaintiff to provide an inventory and accounting of property already seized; and, the parties to brief the propriety of seizing the boat from an innocent purchaser, as well as the possibility of sanctions against Mr. Marko. The Court also ordered the parties to brief the issue of who owned the boat on February 22, 2012.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 69 conforms collection proceedings to state law. *Star Insurance Co. v. Risk Marketing Group,* 561 F.3d 656 (7th Cir.2009). The rule governs collection actions in the federal courts and adopts whatever procedures are followed by the state courts in which the collection is sought, unless there is an applicable federal statute expressly regulating the execution of judgments. *Maher v. Harris Trust and Sv. Bank,* 506 F.3d 560, 563 (7th Cir.2007).

Like most states, Michigan permits a broad array of supplemental and equitable collection remedies under Michigan Compiled Laws § 600 .6104. *McGuffin v. Baumhaft*, CIV.A 06X50135, 2009 WL 6602439 (E.D. Mich. 2009*) report and recommendation adopted*, 06-50135, 2010 WL 2510973 (E.D. Mich. 2010).

**III.    ANALYSIS**

    **A.    The Court orders Harold Marko as trustee of the Marko Trust to appear at a show cause hearing to determine whether it was the beneficiary of a fraudulent transfer and explain why it should not be made a party defendant.**

In determining whether a fraudulent transfer occurred, MCL 566.34(1)(a) provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following:

    (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

MCL 566.34(2) elaborates on the "actual intent" requirement and states:

In determining actual intent under subsection (1)(a), consideration may be given, among other factors, to whether 1 or more of the following occurred:

    (a) The transfer or obligation was to an insider.
    (b) The debtor retained possession or control of the property transferred after the transfer.

In proceedings supplementary to judgment, MCL 600.6104(5) authorizes this Court to:

[m]ake any order as within h[er] discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Furthermore, this Court may add nonparties as defendants under MCL 600.6128(2):

> If the person claiming adversely to the judgment debtor is not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made the party thereto . . .

MCL 600.6128(2) is illustrated by *Estes v. Titus*, 273 Mich. App. 356, 731 N.W.2d 119, 137 (2006*) aff'd in part, vacated in part*, 481 Mich. 573, 751 N.W.2d 493 (2008). In *Estes*, the trial court was required to add the third-party beneficiary of a fraudulent transfer to plaintiff's supplemental proceedings, under the Uniform Fraudulent Transfer Act ("UFTA"). *Id* at 367. Estes was the personal representative of her deceased husband's estate. *Id* at 357. Estes filed a wrongful death action against Titus after he was convicted of murdering her husband and was awarded a judgment of $550,000. *Id*. In an attempt to collect on the judgment, Estes commenced supplemental proceedings under the UFTA. *Id*. Estes asserted that Titus had fraudulently transferred all his assets to his former wife in his divorce judgment. *Id*. Estes requested that a court subpoena be issued for Titus's former wife to appear for discovery regarding marital assets awarded to her in the divorce proceeding. *Id*.

The Court held that the defendant's former wife should have been made a party to the supplemental proceedings. *Id* at 383-384. The court reasoned that the Defendant's former wife was a "person claiming adversely to the judgment debtor" because the meaning of the phrase could only refer to a non-party claiming an interest in property superior to that of the judgment debtor and judgment creditor. MCL 600.6128(2). *Id*. The *Estes* court also stated that

> "Our Supreme Court has long held that when a creditor attempts to collect a judgment by setting aside a judgment debtor's fraudulent conveyances of his property to others, 'the creditor may make all such parties defendants....' *Hulbert v. Detroit Cycle Co.*, 107 Mich. 81, 84, 64 N.W. 950 (1895). The *Hulbert* Court explained, 'It would certainly be a reproach upon equity jurisprudence if a creditor were compelled to institute a separate suit against each person to whom a

6

debtor has fraudulently conveyed his property.' *Id* at 385.

Harold Marko as trustee of the Marko Trust will be required to appear at a show cause hearing because it was likely the beneficiary of a fraudulent transfer from Matthew Marko. Marko's "intent" to defraud Plaintiff by fraudulently transferring his boat could be shown in two ways. First, Marko potentially transferred the boat to an insider – the Marko Trust. Second, during Matthew Marko's March 5, 2012 creditor's exam, he explained he retained possession of the boat and paid for its storage or parked it in the canal behind his house. (Doc. #151, Ex. 4). This deposition testimony shows that Matthew Marko retained possession of the boat, after the date he claims to have given title of it to the Marko trust.

Next, the Marko Trust will be required to appear before the Court to determine if it was the beneficiary of a fraudulent transfer, and explain why it should not be added as a Defendant because it is a party claiming adversely to the Plaintiff as provided by MCL 600.6128(2). On May 16, 2012, Harold Marko as trustee of the Marko Trust sent a letter to Plaintiff's attorney requesting that Plaintiff "cease and desist from further actions against the assets upon which we hold a priority security interest." (Doc. # 152, pg. 76). The letter demanded that Plaintiff provide "an accounting of any proceeds for any of the priority liened assets seized by your firm." *Id*. This letter is clear evidence that the Marko Trust claims adversely to the judgment debtor.

The Court **GRANTS** Plaintiff's request in part, and orders Harold Marko as trustee of the Marko Trust to appear and show cause why it should not be held liable to Plaintiff for the value of the boat. The Plaintiff must bear the cost and responsibility of effectuating service on Harold Marko as trustee of the Marko Trust. Upon belief, he resides at 1132 Woburn Green, Bloomfield Hills, MI 48302. The Court **DENIES** Plaintiff's request to add the Marko Trust as a defendant, pending the show cause hearing outcome.

**B. Plaintiff's request that the Marko Trust appear for examination is denied.**

The Plaintiff correctly asserts that the Court has the discretion to order what it deems necessary to carry out the full intent and purpose of the statutory scheme for collecting judgments. As addressed above, the Court will require the Marko Trust to appear for a show cause hearing. During that hearing, the Trust will have an opportunity to explain its involvement in the acquisition and sale of Matthew Marko's boat. Ordering the Trust to appear for an examination would be premature at this time.

Without prejudice, the Court **DENIES** Plaintiff's request to order the Marko Trust to appear for an examination.

**C. Plaintiff's request that Matthew Marko be fined $15,399 is not appropriate.**

To show that a party is in civil contempt of a court order, the moving party must demonstrate clear and convincing evidence that the opposing party "violated a definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts, with knowledge of the court's order." *Liberte Capital Group, L.L.C v. Capwill*, 462 F.3d 543, 551 (6th Cir.2006) (citing Glover v. Johnson, 934 F.3d 703, 707 (6th Cir.1991)).

The burden of production then shifts to the opposing party, who may defend by providing evidence that he is presently unable to comply with the court's order. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The *Rylander* Court stated:

> While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production. *McPhaul v. United States*, 364 U.S. 372, 379, 81 S.Ct. 138, 142, 5 L.Ed.2d 136 (1960); *Maggio v. Zeitz*, 333 U.S., at 75-76, 68 S.Ct., at 411-412; *Oriel v. Russell*, 278 U.S., at 366, 49 S.Ct., at 175. *See also*

*United States v. Fleischman*, 339 U.S., at 362-363, 70 S.Ct., at 746. Thus while [Respondent] could not attack the enforcement order on the ground that he lacked possession or control of the records at the time the order was issued, he could defend the contempt charge on the ground that he was then unable to comply because he lacked possession or control. *Id.*

Matthew Marko is in violation of Judge Cohn's February 22, 2012 Order because on May 1, 2012, title of the pontoon boat was transferred from him to the Marko Trust. (Doc. # 129, pg. 10 – Cert. of Title). However, under *Rylander*, it would be inappropriate to hold Marko in contempt.

### 1. Matthew Marko violated the Court's Order.

The Court finds Matthew Marko in violation of Judge Cohn's February 22, 2012 Order because the boat was left titled in the name of Matthew Marko until May 1, 2012. While Marko argues he did not have title on February 22, 2012, the Court finds his argument unpersuasive; the Marko Trust did not appear as the title holder until title was transferred on May 1, 2012. Mr. Marko admitted on March 5, 2012, during his deposition, that he stored the boat "at my house in the canal." (Doc. # 151-7). While Marko may have used the boat as collateral to secure a loan from his father's trust, before May 1, 2012, title remained with Matthew Marko. Marko has provided documents from the Department of State entitled "Sellers Responsibilities." These documents are irrelevant; the record is clear that Matthew Marko did not sell his boat to the Marko Trust; he merely gave a collateral interest. If Mr. Marko had repaid the loan or continued to make payments, the Marko Trust would not have had a right to transfer title of the boat.

Matthew Marko has consistently claimed that he did not violate Judge Cohn's February 22, 2012 Order because he did not have title to or possession of the pontoon boat on February 22, 2012. Marko has claimed he gave title to the Marko Trust in 2011, as collateral for a $500,000

9

loan. Matthew Marko has raised this unpersuasive argument by arguing the trust is a superior creditor. Strangely, Marko has vigorously defended the trust's actions for the last two years even though the trust has not been a party to this case. This tired argument has been raised in every filing and at every hearing. This argument has been rejected numerous times by Judge Cohn, Judge Roberts and Magistrate Judge Whalen. (Doc. #132, pg. 7; #135; #144; and #145).

The Plaintiff has clearly shown that Matthew Marko had title to the boat until May 1, 2012, and title transferred in violation of Judge Cohn's Order. Marko's argument that he did not have possession of the boat on February 22, 2012, is rejected and is not a valid defense to his failure to comply with Judge Cohn's Order.

### 2. Matthew Marko is unable to comply with the Court order because he has not had title to the boat since May 1, 2012.

Once a moving party establishes a clear violation of a specific order, the burden shifts to the defendant. A defendant may defend against contempt by providing evidence that he is presently unable to comply with the Court's Order. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

The record shows that the Court explained to Mr. Marko on numerous occasions that any discussion of a security interest by the Marko Trust, a non-party, is irrelevant and cannot be re-litigated due to the "laws of the case" doctrine. This Court has decided that Matthew Marko had possession of the boat on February 22, 2012, by rejecting his argument of superior creditor rights. However, in following the *Rylander* decision, Matthew Marko can defend against a contempt charge on the ground that he is unable to comply because he lacks possession or control. *Id.*

Matthew Marko provided the title to the boat, which unequivocally shows title of the boat transferred to the Trust on May 1, 2012. (Doc. # 129, pg. 10). At the time of this Court's show

cause hearing on July 25, 2013, it was impossible for Defendant to turn over the boat; continuing with a contempt fine would be inappropriate.

The Court **DENIES** Plaintiff's request to find Defendant in civil contempt.

### D. Matthew Marko is required to resubmit himself for a creditor's examination.

MCL 600.6104 provides:

After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:

(1) Compel discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

Under MCL 600.6104, the Court **GRANTS** Plaintiff's request to compel Matthew Marko to appear for examination within 30 days of this Order, at a place and time chosen by Plaintiff's counsel.

### E. Matthew Marko's personal property should be sold. If an outstanding balance remains after this sale, then Marko's real property should be sold.

In accordance with MCL 600.6017 and MCL 600.6031, Matthew Marko's personal property should be sold by the United States Marshal. If the sale of Marko's personal property is insufficient to pay the Plaintiff's judgment, then Marko's real property, located at 1222 Forest Bay Drive, Waterford, Michigan 48328, should be sold in accordance with MCL 600.6004, MCL 600.6018, and MCL 600.6052, by United States Marshal.

The Court **GRANTS** Plaintiff's request to sell Defendant's personal property followed by Defendant's real property, if judgment remains outstanding.

## IV. CONCLUSION

For the reasons stated, the Court:

**A. GRANTS** Plaintiff's request in part and Orders Harold Marko as trustee of the Marko Trust to appear on **WEDNESDAY, MAY 14, 2014 AT 9:30 AM BEFORE JUDGE**

11

**ROBERTS, 231 WEST LAFAYETTE, COURTROOM 226, DETROIT, MICHIGAN** and show cause why it should not be held liable to Plaintiff for the value of the boat. Plaintiff must bear the cost and responsibility of effectuating service on Harold Marko the trustee of the Marko Trust. The Court **DENIES** Plaintiff's request to add the Marko Trust as a defendant, pending the show cause hearing outcome.

B. **DENIES** Plaintiff's request to order the Marko Trust to appear for an examination, pending the show cause hearing.

C. **DENIES** Plaintiff's request to fine Defendant for civil contempt.

D. **GRANTS** Plaintiff's request to compel Matthew Marko to appear for examination.

E. **GRANTS** Plaintiff's request that Defendant's personal property be sold, followed by a sale of his real property, if judgment remains outstanding.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 29, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Matthew Marko, by electronic means or U.S. Mail on April 29, 2014.

s/Linda Vertriest
Deputy Clerk